UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRACEY HORNER,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-625-JD-MGG

STARKE COUNTY SHERIFF,

    Defendant.

## OPINION AND ORDER

Tracey Horner, a prisoner without a lawyer, sent the court a letter asking for help to obtain medical treatment at the Starke County Jail. The clerk properly accepted this letter as a complaint against the Starke County Sheriff. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Horner alleges she has heart and lung problems. She alleges she has difficulty breathing and has passed out. Though she has been taken to the hospital, she alleges she has ongoing problems and is being denied an inhaler, breathing treatments, and access to a cardiologist. She is seeking injunctive relief to obtain necessary medical

treatment. A prisoner " is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Nevertheless, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if granted – will be limited to requiring the defendant to provide Horner with adequate medical care as required by the Constitution.

For these reasons, the court:

(1) GRANTS Tracey Horner leave to proceed against the Starke County Sheriff in an official capacity for injunctive relief to obtain medical treatment for her heart and lung problems as required by the constitution;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to fax or email a copy of this order to the Starke County Sheriff along with Notice of Lawsuit – AO 398 (Rev. 1/09) (INND Rev. 8/16) – and Waiver of Service – AO 399 (Rev. 1/09) (INND Rev. 8/16) – forms;

(4) DIRECTS the United States Marshals Service to PERSONALLY SERVE the Starke County Sheriff by **August 31, 2018**, with a copy of this order and the complaint

(ECF 1) as required by 28 U.S.C. § 1915(d), if the Starke County Sheriff has not waived service;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Starke County Sheriff to file an affidavit or declaration (with supporting medical records and reports from medical staff and others as necessary) by **September 6, 2018**, explaining Tracey Horner's medical condition, prognosis, and treatment; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Starke County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 24, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT